### R. W. Woolley v. Leslie Combs.

**Railroad Company—Stock Subscription—Sale of Franchises.**
When a railroad company is out of business because of the sale of its franchises, it still exists for the purpose of collecting what is due it and paying its debts.

**Liability of Stock Subscribers.**
Stock subscribers are only liable on their subscriptions for stock in a railroad company to raise funds to pay debts, where such company has gone out of business; and there must be debts by the company before there is any liability.

APPEAL FROM FAYETTE CIRCUIT COURT.

September 30, 1874.

Opinion by Judge Lindsay:

It appears from Woolley's answer, as amended, that the Lexington and Danville Railroad, with all its appurtenances, and with all the rights and franchises of the company, was sold in 1858 under a decree of the Fayette Circuit Court, rendered in the case of Purnell & Sizemore against said corporation.

This sale did not wholly destroy the corporation. It still had an existence so far as was necessary to enable it to collect its debts and pay off its liabilities. But its legal existence was perpetuated only for the benefit of its unpaid creditors, and for the purpose of settling the relative rights of its stockholders. It had the right to compel the payment of so much of the unpaid subscriptions for capital stock as might be necessary to discharge its indebtedness, but no more.

The claim against Woolley is for an unpaid subscription for stock. The judgment in favor of Higgins and Gillis did not change its character. After judgment he could not have resisted their right to collect, but when they re-assigned to the railroad company, it held the claim just as it held other claims for such subscriptions, except that it had been reduced to judgment. Combs, as the creditor of the defunct corporation, has no right to collect a greater amount from Woolley than the corporation could compel him to pay.

If he was sued by the company he might answer that it had been practically destroyed by the sale of its road franchises, privileges, etc., and that it owed no debts, and hence that he was under no obligation to pay. Combs's right to sue Woolley depends upon whether or not the company owes him. If it does not, he can assert no claim against Woolley, no matter how much the latter may be indebted to the company. Combs sets up the judgment in favor of Grinstead, obtained in 1865, afterwards assigned to him as the evidence of the railroad company's indebtedness to him.

Woolley pleads facts heretofore stated as amounting to the destruction of the corporation, for all except the purposes mentioned, denies that it owes Combs anything, and charges that the judgment upon which his action is founded was obtained by fraud. He says that Combs was the last president of the railroad company; that he was in office in 1858, when its road franchises, etc., were sold; that since that time there has been no meeting of the directory; that Combs, holding a pretended claim against the company, transferred it to Grinstead with the understanding and agreement that he (Grinstead) was to sue on it, and have process executed on Combs as the president of the company, who was to let judgment go by default; and that then Grinstead was to assign the judgment to Combs; and he avers, in terms, that this agreement was carried out and the judgment obtained in 1865, seven years after the collapse of the company. If these averments be true, and they are admitted by the demurrers, then it is plain the judgment was obtained by fraud and that it is utterly void. Appellee insists that the company does not complain, and that Woolley, its debtor, has no right to make any such defense. Ordinarily this would be true, but as the company is practically out of existence, with no right to collect from its stockholders unpaid subscriptions for stock, except to pay its own debts (no matter what may be the relative rights of the stockholders by each other), the real issue in the case is whether it is indebted to Combs, and in this issue Combs and Woolley alone

are interested. If the company owes nothing, then Woolley is not bound to pay any one. If it owes Combs then he must pay at least enough to satisfy his claim, if he owes that much. In such a state of case, if Woolley were not allowed to question the validity of Combs's judgment, he might be compelled to pay a debt the company did not owe, when he was under no legal liability to the company, or to any one else.

It therefore necessarily follows that the judgment sued on by Combs does not conclude him, and if he can successfully assail that judgment, Combs must fail in his action, unless by supplemental pleadings he brings the railroad company into court, and establishes his original claim against it. For these reasons the court below erred in adjudging Woolley's answer, as amended, insufficient. Judgment *reversed* and cause remanded with instructions to over-rule appellee's demurrers, and for further proceedings consistent with this opinion.

*Breckenridge, Buckner, for appellant.*
*W. B. & George B. Kinkead, for appellee.*